An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

J. MICHAEL SUNDE AND VIKTORIYA SOKOL SUNDE,
Petitioners,
vs.
THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE AND THE HONORABLE STEVEN P. ELLIOTT, DISTRICT JUDGE,
Respondents,
and
ROBERT D. CROCKETT AND VICTORIA A. CROCKETT,
Real Parties in Interest.

No. 62617

FILED

FEB 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This is a proper person petition for a writ of mandamus or prohibition challenging several district court orders.[1]

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted); see NRS 34.160. A writ of prohibition may be granted when the district court exceeds its jurisdiction. NRS 34.320. It is within this court's discretion to determine whether a writ petition will be considered. Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849,

_____

[1]Petitioners filed an amended petition on February 15, 2013, and a second amended petition on February 19, 2013.

13 - 05162

851 (1991). Petitioners bear the burden of demonstrating that this court's extraordinary intervention is warranted. Pan v. Dist. Ct., 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Writ relief is generally available, however, only when there is no plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170. This court has held that the right to appeal is generally an adequate legal remedy precluding writ relief. Pan, 120 Nev. at 224, 88 P.3d at 841.

Having considered the petition, amended petition, and appendix filed in this matter, we conclude that petitioners have not demonstrated that our intervention by way of extraordinary relief is warranted.[2] NRAP 21(b)(1); Pan, 120 Nev. at 224, 88 P.3d at 841; Smith, 107 Nev. at 677, 818 P.2d at 851. Accordingly, we

ORDER the petition DENIED.[3]



_____, J.
Gibbons

_____, J.        _____, J.
Douglas                              Saitta

---

[2]Petitioners can request relief from the stay in the district court once their appeal and any post-appeal requests for relief are resolved.

[3]Petitioners filed this petition as an emergency under NRAP 21(a)(6) and NRAP 27(e). Nothing in this petition indicates that this is an emergency requiring this court to grant relief within 14 days. NRAP 21(a)(6). Petitioners previously have been cautioned that abusing this court's rules by filing motions or pleadings as "emergencies" without any need for relief within 14 days may result in the imposition of sanctions. While we decline to impose sanctions at the present time, petitioners are again cautioned that continued abuse of the emergency rules will result in sanctions. NRAP 38.

cc: Hon. Steven P. Elliott, District Judge
J. Michael Sunde
Viktoriya Sokol Sunde
O'Mara Law Firm, P.C.
Washoe District Court Clerk